**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4407**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JAMES MICHAEL HARKUM,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Frederick P. Stamp, Jr.,
District Judge.  (CR-03-47)

─────────────

Submitted:  August 3, 2005          Decided:  August 30, 2005

─────────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

L. Richard Walker, Assistant Federal Public Defender, Clarksburg,
West Virginia, for Appellant.  Thomas E. Johnston, United States
Attorney, Robert H. McWilliams, Jr., Sherry L. Muncy, Assistant
United States Attorneys, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Harkum appeals his conviction following a jury trial and his 462-month sentence imposed for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (2000), attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2 (2000), armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000), two counts of possession of a firearm, in violation of 18 U.S.C. § 924(c) (2000), and interference with commerce by violence, in violation of 18 U.S.C. § 1951 (2000).

On appeal, Harkum asserts that the district court erred by admitting evidence of an uncharged prior robbery of the local McDonald's. Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (quoting United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995)).

Rule 404(b) prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). For such evidence to be admissible under Rule 404(b), it must be necessary, reliable, and relevant to an issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). After careful review of the record, we conclude that this evidence was properly admitted to demonstrate Harkum's ongoing participation in a conspiracy to commit a spree of robberies that included robbing this McDonald's. Fed. R. Evid. 404(b); Rawle, 845 F.2d at 1247; United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980. Accordingly, we find no abuse of discretion. Queen, 132 F.3d at 995.

Harkum also contends that the district court abused its discretion in admitting evidence of his flight from police following the instant offense, in violation of Fed. R. Evid. 403. The Government asserts that evidence of flight demonstrated consciousness of guilt and was therefore both relevant and probative. This court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003), cert. denied, 540 U.S. 1166 (2004). This court defers to the balancing engaged in by the district court

under Rule 403 "unless it is an arbitrary or irrational exercise of discretion." United States v. Heater, 63 F.3d 311, 321 (4th Cir. 1995). We conclude that the district court's admission of such evidence to demonstrate consciousness of guilt was not an arbitrary or irrational exercise of discretion. Heater, 63 F.3d at 321; see United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001) (recognizing that consciousness of guilt may be inferred from evidence of flight).

Harkum also asserts that various instances of prosecutorial misconduct affected his substantial rights and deprived him of a fair trial. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Harkum must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id. Whether prejudice exists is in turn established by the following: (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury; (2) whether the remarks were isolated or extensive; (3) the strength of competent proof introduced to establish defendant's guilt; (4) whether the prosecutor's remarks were invited by the improper

conduct of defense counsel; and (5) whether curative instructions were given.  Id. at 186.  No one factor is dispositive.  United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998).  After careful consideration of Harkum's numerous claims of prosecutorial errors, we conclude that Harkum has failed to demonstrate that the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process.  Scheetz, 293 F.3d at 185.  Accordingly, we affirm Harkum's conviction.

Finally, we turn to Harkum's claim that in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), the district court erroneously enhanced his sentence based upon facts not found by the jury.  Because Harkum did not raise this claim in the district court, his sentence is reviewed for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993) (holding that to demonstrate plain error, a defendant must establish that error occurred, that it was plain, that it affected his substantial rights, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings)).  After Harkum filed this appeal, the Supreme Court decided United States v. Booker,  125 S. Ct. 738 (2005), holding that the federal sentencing guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court that were not submitted to the jury, violated the Sixth Amendment.

On appeal, Harkum asserts that three different offense-level enhancements were imposed in violation of his Sixth Amendment rights. At sentencing, the district court applied a two-level increase, pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(1), because the object of the robbery was a financial institution. The district court also applied a two-level increase for bodily injury to a victim, pursuant to USSG § 2B3.1(b)(3)(D). Finally, Harkum received a three-level enhancement for possession of a firearm, pursuant to USSG § 2B3.1(b)(2)(E). Based on an offense level of 26, and a Criminal History Category of III, the district court imposed a 78-month sentence for Counts II, III, and V, to run concurrently with a five-year sentence for Count I. Finally, the court imposed a consecutive seven-year mandatory minimum sentence on Count IV,[1] and a consecutive 25-year mandatory minimum on Count VI.[2]

First we conclude that the financial institution enhancement was not erroneous. At trial, the Government presented uncontroverted evidence that Harkum participated in the bank robbery of the Huntington Bank (Count III). Harkum never challenged these facts at trial or sentencing. Instead, Harkum asserted the defense of duress, a claim the jury necessarily rejected in finding Harkum guilty. Consequently, we find that the

---

[1]See 18 U.S.C. § 924(c)(1)(A)(ii) (2000).

[2]See 18 U.S.C. § 924(c)(1)(C)(i) (2000).

facts underlying the district court's enhancement for robbing a financial institution were charged in the indictment and necessarily found by the jury. Thus, there is no plain error. Olano, 507 U.S. at 731-32; see Booker, 125 S. Ct. at 748 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Evaluation of the constitutionality of the remaining enhancements challenged by Harkum requires a two-step analysis. The firearm enhancement was applied to Count II; however, the indictment does not allege possession of a firearm. Moreover, the jury was not required to find a possession of a firearm in this instance to return a guilty verdict. Consequently, we find that this enhancement was based upon facts not submitted to the jury, or admitted by Harkum. Additionally, although several witnesses at trial testified that Harkum struck a bank employee with the butt of his gun, the jury did not have to make a finding of bodily injury to convict Harkum of bank robbery and assault with a dangerous weapon, as charged in Count III. We therefore conclude that this enhancement as well was based upon facts not submitted to the jury, or admitted by Harkum.

Nevertheless, we conclude that the application of these two enhancements did not violate Harkum's Sixth Amendment rights.

Without the firearm and bodily injury enhancements, Harkum's offense level for Counts II, III and V would be reduced to 25, making his applicable sentencing range 70-87 months.  See <u>United States v. Evans</u>, ___ F.3d ___, 2005 WL 1705531, at *1 n.4 (4th Cir. July 22, 2005) (noting that, in determining whether Sixth Amendment error occurred, sentence imposed must be compared to permissible guideline range before adjusting for acceptance of responsibility). Because the 78-month sentence actually imposed by the district court fell squarely within this range, we conclude that no Sixth Amendment violation occurred.

Accordingly, we affirm Harkum's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>